UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN ARELLA BAHR, | ) |
| | ) CASE NO. C13-1438-MJP-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) RE: SOCIAL SECURITY DISABILITY |
| CAROLYN W. COLVIN, Acting | ) APPEAL |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff Susan Arella Bahr proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REMANDED for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1959.[1] She has a high school education and attended the

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case

REPORT AND RECOMMENDATION
PAGE -1

Corrections Officer Academy. (AR 35.) She has past relevant work as a data entry operator, corrections guard, evidence clerk, cashier, caregiver, auditor, and business trainer.

Plaintiff filed an application for DIB on May 29, 2009, alleging disability beginning on that date. She is insured for DIB through June 30, 2014. Plaintiff's application was denied at the initial level and on reconsideration, and she timely requested a hearing.

On October 5, 2011, ALJ Wayne N. Araki held a hearing, taking testimony from plaintiff and a vocational expert. (AR 32-63.) On December 16, 2011, the ALJ issued a decision finding plaintiff not disabled from May 20, 2009 through the present. (AR 17-25.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on June 14, 2013 (AR 1-3), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 20, 2009. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's osteoarthritis of the hands and back disorder severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that

---

Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform sedentary work as defined in 20 C.F.R. §404.1567(a) with some additional limitations. Plaintiff can lift and carry up to ten pounds. She can stand or walk at thirty-minute intervals for a total of four hours in an eight-hour workday. She can sit at two-hour intervals with brief stretch breaks for a total of eight hours per day. Plaintiff can occasionally stoop or climb ramps and stairs. She cannot crouch, kneel, crawl, balance, or climb ladders. With that assessment, the ALJ found plaintiff able to perform her past relevant work as a data entry operator as actually and generally performed.

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Finding plaintiff not disabled at step four, the ALJ did not proceed to step five.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278

F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues that the ALJ erred in assessing her RFC, in finding her able to perform her past work as a data entry clerk, in assessing the credibility of her pain complaints, and in considering the lay witness testimony. She requests remand for further administrative proceedings. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>RFC and Ability to Perform Past Relevant Work</u>

Plaintiff argues the ALJ erred by finding her able to return to her past relevant work as a data entry clerk. She avers an inconsistency between the requirements of that job and her RFC. She contends her inability to perform the job is supported by the opinion of examining doctor Dan V. Phan, M.D., that she "should avoid repetitive works". (AR 264.) Plaintiff notes the ALJ acknowledged this particular portion of Dr. Phan's opinion (AR 23) and indicated that "great weight" was being given to Dr. Phan's opinions and observations. In so doing, the ALJ cited Dr. Phan's "thorough examination of the claimant", the consistency of the doctor's assessment of plaintiff's physical limitations with the exam findings, and plaintiff's demonstrated abilities and activities of daily living, as well as the other medical evidence. (AR 24.)

In response, the Commissioner argues that the ALJ's RFC need not necessarily be identical to a doctor's opinion, but only consistent with the opinion. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010). The Commissioner characterizes Dr. Phan's opinion as a recommended practice rather than a restriction on her ability to work. The Commissioner argues that plaintiff simply poses a different interpretation of Dr. Phan's

REPORT AND RECOMMENDATION
PAGE -4

opinion, and contends that plaintiff's interpretation is contradicted by the remainder of Dr. Phan's findings that plaintiff's gross and fine manipulation were intact.  (AR 264.)

The Court agrees with plaintiff that the ALJ failed to address Dr. Phan's opinion that plaintiff "should avoid repetitive works" and does not find meaningful the Commissioner's distinction between "recommended practices ... based on … reported history" and restrictions in functioning.  (Dkt. 17 at 10.)  In the final analysis, all medical opinions regarding functional limitations are "recommendations", since the determination of RFC is an issue reserved to the Commissioner.  20 C.F.R. § 404.1527(e); Social Security Ruling 96-5p.  Nor is it appropriate for this reviewing Court to draw the inference, as the Commissioner suggests, that an intact ability to perform gross and fine manipulation (AR 23, 264) obviates the need for restrictions on repetitive activity.  "[T]he ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The Court finds it necessary to remand this matter to allow the ALJ to clarify the finding that plaintiff is able perform her past relevant work as a data entry clerk, in light of Dr. Phan's opinion that she should avoid repetitive work.   If necessary, the ALJ should utilize a vocational expert to clarify the functional requirements of the data entry clerk position as generally and/or actually performed.

Plaintiff also argues the ALJ erred by failing to define the nature of "brief stretch breaks" every two hours, and contends the ALJ should have obtained vocational testimony on the ability of a data entry clerk to take such breaks.  The Court finds no error in the lack of

further description of the requirement of "brief stretch breaks" by the ALJ.  As the Commissioner notes, a brief stretch break every two hours, including coffee breaks and a lunch break, would fit within a typical, normal work schedule barring any evidence to the contrary. "As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion."  *Magallanes*, 881 F.2d at 755.

The Court also finds unpersuasive plaintiff's argument that the ALJ erred in the consideration of Dr. Hoskins' opinion that plaintiff had limitations in pushing and pulling. (AR 23, 267, 316.)  Plaintiff seems to conflate this limitation with a limitation on frequent handling and constant fingering.  (Dkt. 16 at 6.)  Nor does Plaintiff make any showing that the position of data entry clerk requires pushing or pulling.  *See* Dictionary of Occupational Titles 203.582-054 ("Data Entry Clerk").  *See also Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (ALJ's error may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination.'"; Court looks to "the record as a whole to determine whether the error alters the outcome of the case.") (cited sources omitted).

Plaintiff makes a cursory argument that the ALJ erred by failing to consider the adverse effect of depression, fatigue, and pain, but fails to articulate any specific related limitations omitted from the RFC.  As such, this argument also fails.  *Valentine v. Comm'r SSA*, 574 F.3d 685, 692 n.2 (9th Cir. 2009) (rejecting invitation to find ALJ "failed to account for [the claimant's] injuries in some unspecified way[]" where ALJ concluded injuries severe at step two and plaintiff alleged ALJ did not account for the impairments at step four, but did "not detail what other physical limitations follow from the evidence of his . . . injuries, besides the limitations already listed in the RFC.")

REPORT AND RECOMMENDATION
PAGE -6

<u>Credibility Assessment and Lay Witness Statement</u>

Plaintiff argues the ALJ failed to consider all appropriate factors in the assessment of the credibility of plaintiff's pain complaints. She similarly argues the ALJ erred by giving insufficient weight to the testimony of plaintiff's partner, Karen Bahr.

Credibility assessments are generally related to the consideration of the medical opinion evidence. 20 C.F.R. § 404.1529. Consideration of these credibility issues would be premature pending remand of the matter for further consideration of the medical evidence and plaintiff's RFC. Upon clarification of the weight given to Dr. Phan's opinion, the ALJ should address the credibility of plaintiff's subjective complaints, as well as the testimony of the lay witness.

**CONCLUSION**

For the reasons set forth above, this matter should be REMANDED for further proceedings consistent with this report.

DATED this <u>20th</u> day of March, 2014.

Mary Alice Theiler
Chief United States Magistrate Judge